PARIENTE, J.,
concurring in result.
I agree with the ultimate result reached by the majority to affirm the denial of postconviction relief. I write because I respectfully disagree with the majority’s decision to address the performance component of Pham’s ineffective assistance of counsel claim, where it is clear that Pham cannot establish prejudice. As we have held over and over again, “[a] court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied.” Turner v. State, 143 So.3d 408, 415 (Fla.2014) (quoting Schoenwetter v. State, 46 So.3d 535, 546 (Fla.2010)).
But since the majority has chosen to address deficiency, I disagree both with its conclusions regarding that component and with its analysis, which improperly merges the distinct deficiency and prejudice components of the ineffective assistance of counsel test. Indeed, in my view, the majority is unclear as to exactly which aspects of Pham’s ineffectiveness claim it is rejecting based on deficiency and which it is rejecting based on prejudice.
For example, the majority states that trial counsel’s failure to obtain records from Florida State Hospital (FSH) “was a reasonable strategic decision” — thus apparently concluding that there was no deficiency — but then concludes that Pham “cannot demonstrate that he was prejudiced by counsel’s failure to obtain the FSH records.” Majority op. at 961-62. The majority is similarly internally inconsistent as to Pham’s claim that trial counsel was ineffective for failing to present additional mental health evaluations, stating on the one hand that “trial counsel is not deficient simply because postconviction counsel can find a more favorable expert,” while also stating, on the other hand, that “Pham cannot establish that he was prejudiced by counsel’s alleged omission.” Id. at 962.
While I agree that Pham has not established prejudice and is therefore not entitled to relief, if the majority is going to address deficiency, it should clearly conclude that trial counsel’s failure to investigate mitigation did in fact constitute deficient performance. See, e.g., Hardwick v. Sec’y, Fla. Dep’t of Corr., 803 F.3d 541, 551 (11th Cir.2015) (“[A] decision not to put on mitigating evidence is only reasonable, and thus due deference, to the extent it is based on a professionally reasonable investigation.”). In its order, the postcon-viction court found that Pham “demonstrated at the evidentiary hearing that trial counsel failed to contact the members of [Pham’s] family who lived outside the United States, failed to obtain records from the Illinois Department of Children and Family Services, and failed to obtain the complete records from the Florida State Hospital.” The postconvietion court further found that “[t]rial counsel did not provide a satisfactory explanation for the failure to obtain much of this evidence.”
Nevertheless, the postconviction court cogently reasoned that Pham was unable to establish prejudice as a result of these failures — regardless of a specific finding of deficiency — because, “[w]hile this information could easily have been discovered, there is no possibility that it would have altered the jury’s recommendation or [the *965 sentencing court’s] weighing of the aggravating and mitigating circumstances.” Likewise, the postconviction court carefully detailed the mitigation presented during the penalty phase and noted that the sentencing court “already gave great weight to mitigation from [Pham’s] background as it related to his escape from Vietnam and his upbringing in Illinois.”
The postconviction court’s factual findings in this regard are supported by competent, substantial evidence, and the court did not err in its legal conclusions. Accordingly, I would affirm the reasoning contained in the postconviction court’s detailed order denying relief and hold that, despite the failures in trial counsel’s mitigation investigation, there is no prejudice. Although there was no valid excuse for counsel’s failure to explore this very fruitful avenue of mitigation, the postconviction court correctly determined that confidence in the outcome of Pham’s penalty phase and sentence of death had not been undermined.
QUINCE, J., concurs.